UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA SAUNDERS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br>PLAINTIFF <br><br> v. <br><br> SISU ENERGY, LLC AND JIM GRUNDY, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § | <br><br><br><br><br><br><br> CIVIL ACTION NO. 3:20-cv-769 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Dana Saunders ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above listed Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants Sisu Energy, LLC and Jim Grundy ("Defendants") have violated the FLSA by misclassifying their dispatchers and other salaried employees as exempt from the overtime requirements of the FLSA. Defendants' salaried employees, including Plaintiff, work more than forty hours per week but are not paid overtime premiums for any hours worked over forty per workweek. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Dana Saunders is an individual residing in Texas. Her notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A. At all relevant times, Saunders was an "employee" of Defendants as defined by the FLSA. At all relevant times, Defendants were Saunders' "employer" as defined by the FLSA.

4. Plaintiffs are Defendants' current and former dispatchers and other non-exempt employees who were paid a salary and who were not paid overtime wages.

5. Defendant Sisu Energy, LLC ("Sisu") is a domestic limited liability company formed and existing under the laws of the State of Texas.

6. Defendant Jim Grundy is the owner of Defendant Sisu Energy, LLC.

7. At all times hereinafter mentioned, Jim Grundy has exercised managerial responsibilities and substantial control over Sisu's employees, including Saunders, and the terms and conditions of their employment. Grundy has the authority to: hire, fire and direct Sisu's employees, including Saunders; supervise and control the employment relationships and work schedules of Sisu's employees, including Saunders; set and determine the rate and method of pay of Sisu's employees, including Saunders; and decide whether Saunders receives overtime compensation.

8. Defendants were both an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

11. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in this District. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

13. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers and other equipment that has been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

17. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

### V.  FACTUAL ALLEGATIONS

18. Defendants are a bulk commodity carrier.  Defendants employ dispatchers to receive, build and dispatch loads.

19. Named Plaintiff was a dispatcher from November 2019 through March 2020. Throughout her employment with Defendants, Named Plaintiff consistently worked more than forty hours per week.  Indeed, Named Plaintiff worked an average of 60 hours per week.

20. Named Plaintiff was paid a salary. Named Plaintiff was not paid any additional compensation for hours worked in excess of forty in a week.

21. The Class Members were also paid a salary and were not paid any additional compensation for hours worked in excess of forty in a week.

22. For all times relevant to this action, the Plaintiffs' primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

23. For all times relevant to this action, the Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

24. The Plaintiffs did not have the authority to hire or fire other employees, and any suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

25. Rather, the daily and weekly activities of the Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was predetermined by Defendants, including the schedule of work and related work duties. The Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

26. Although they worked very long hours, Plaintiffs were misclassified, or otherwise treated as exempt under the Fair Labor Standards Act. Defendants knew that Named Plaintiff and Class Members regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate the Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

27. Defendants have employed and are employing other individuals, both as dispatchers and performing other duties who have been misclassified as "exempt" employees, have consistently

worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

28. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

29. Named Plaintiff and the Class Members were all subjected to the same illegal pay provisions in that they were not paid overtime premiums for any hours worked over forty in a workweek. Thus, the Class Members are owed one and one-half their regular hourly rate for all hours worked over forty in a week without regard to their individualized circumstances.

30. Defendants have a policy or practice of not paying their salaried, non-exempt employees overtime wages. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former dispatchers of Defendants as well as all other non-exempt employees who were paid a salary and who were not paid overtime wages.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

31. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above,

for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

32. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.


Respectfully submitted,

MORELAND VERRETT, P.C.


/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**